UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

YELTSIN BELTRAN,

                             Plaintiff,     19-cv-4647 (NRB)(SN)

            -against-

THE CITY OF NEW YORK, DETECTIVE O'LEARY,
SHIELD NO. _____, DETECTIVE BRIAN SHEA,
SHIELD NO. _____, INDIVIDUALLY AND IN
THEIR OFFICIAL CAPACITIES AS NEW YORK CITY
POLICE OFFICERS,

                          Defendants.

------------------------------------------------------------------------x


# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(C)


*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street,*
*New York, NY 10007*

By:    James Jimenez
        *Assistant Corporation Counsel*
        Special Federal Litigation Division
        (212) 356-2670

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................iii

PRELIMINARY STATEMENT ............................................................................ 1

STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY .............................. 2

STANDARD OF REVIEW ................................................................................... 3

ARGUMENT.................................................................................................4

        A.      Plaintiff Fails to Allege a Municipal Policy................................................ 4

            1. The Complaint Contains No Facts Establishing a Municipal Policy................................................................................................4

            2. Plaintiff's "Deliberate Indifference" Theory is Inapposite.................................................................................................6

      B. Plaintiff Fails to Allege that Any Municipal Policy Caused Him Harm..............8

      C. The Court Should Not Grant Leave to Amend....................................................10

      D. The Court Should Stay Discovery While the Motion is Pending.......................11

CONCLUSION................................................................................................ 12

## **TABLE OF AUTHORITIES**

<u>**Cases**</u>                                                                                                        <u>**Pages**</u>

Ashcroft v. Iqbal,
    556 U.S. 662 (2009).........................................................................................3, 5, 10

Batista v. Rodriguez,
    702 F.2d 393, 397 (2d Cir. 1983).............................................................................4

Bd. Of the Cnty. Comm'rs v. Brown,
    520 U.S. 397 (1997)………………………………………………………………...7

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007).................................................................................................3

City of Canton v. Harris,
    489 U.S. 378 (1989)..............................................................................................5, 7-8

City of St. Louis v. Praprotnik,
    485 U.S. 112 (1985).................................................................................................5

Connick v. Thompson,
    563 U.S. 51, 131 S. Ct. 1350 (2011) ......................................................................7

Costello v. City of Burlington,
    632 F.3d 41 (2d Cir. 2011) ......................................................................................5

Cuevas v. City of New York,
    07 Civ. 4169 (LAP) 2009 U.S. Dist. LEXIS 114984, (S.D.N.Y. Dec. 7, 2009)................5

Cuoco v. Moritsugu,
    222 F.3d 99 (2d Cir. 2000)………………………………………………………….11

Dingle v. City of New York,
    728 F. Supp. 2d 332 (S.D.N.Y. 2010) .....................................................................7

Doe v. City of New York,
    09 Civ. 9895 (SAS), 2013 U.S. Dist. LEXIS 30010 (S.D.N.Y. Mar. 4, 2013)...............7, 8

Dwares v. City of New York,
    985 F.2d 94 (2d Cir. 1993) ....................................................................................5, 9

Ellis v. Chao,
    336 F.3d 114 (2d Cir. 2003)………………………………………………………...11

**<u>Cases</u>**                                                                                                               **<u>Pages</u>**

<u>Foman v. Davis,</u>
    371 U.S. 178 (1962)……………………………………………………………...11

<u>Franzese v. City of New York,</u>
    2018 U.S. Dist. LEXIS 193607 (S.D.N.Y. November 13, 2018).......................................9

<u>Hosking v. New World Mortg., Inc.,</u>
    602 F. Supp. 2d 441 (E.D.N.Y. 2009)…………………………………………………...11

<u>Jenkins v. City of New York,</u>
    478 F.3d 76 (2d. Cir. 2007) ...................................................................................................7

<u>Jones v. New York State Div. of Military & Naval Affairs,</u>
    166 F.3d 45 (2d Cir. 1999)……………………………………………………………...11

<u>Lanorith v. Truscelli,</u>
    2017 U.S. Dist. LEXIS 134193 (E.D.N.Y. August 22, 2017)…………………………...10

<u>Leatherman v. Tarrant County Narcotics & Coordination Unit,</u>
    507 U.S. 163 (1993) ...............................................................................................................5

<u>Monell v. New York City Dept. of Social Servs.,</u>
    436 U.S. 658 (1978).....................................................................................1-2, 4-9, 12

<u>Oklahoma City v. Tuttle,</u>
    471 U.S. 808, 105 S. Ct. 2427 (1985)...........................................................................4, 8

<u>Pembaur v. City of Cincinnati,</u>
    475 U.S. 469 (1986)...........................................................................................................4

<u>Samuels v. Air Transp. Local 504,</u>
    992 F.2d 12 (2d Cir. 1993) ...................................................................................................3

<u>Spencer Trask Software & Info. Servs. v. RPost Int'l,</u>
    206 F.R.D 367 (S.D.N.Y. 2002).........................................................................................12

<u>Spinelli v. NFL,</u>
    2015 U.S. Dist. LEXIS 155816 (S.D.N.Y. November 17, 2015).......................................11

<u>Sorlucco v. New York City Police Department,</u>
    971 F.2d 864 (2d Cir. 1992).............................................................................................5-6

<u>Tchatat v. O'Hara,</u>
    2017 U.S. Dist. LEXIS 116487 (S.D.N.Y. July 25, 2017)………………………………..8

**Cases**                                                                                     **Pages**

Vippolis v. Village of Haverstraw,
    768 F.2d 40 (2d Cir. 1985)..............................................................................8

Walker v. City of New York,
    974 F.2d 293 (2d Cir. 1992)........................................................................5-8

Wray v. City of New York,
    490 F.3d 189 (2d Cir. 2007)........................................................................4


**Statutes**

42 U.S.C. § 1983...................................................................................................1, 4

Fed. R. Civ. P. 4(m).................................................................................................2

Fed. R. Civ. P. 8..................................................................................................3, 6

Fed. R. Civ. P. 12(b)...............................................................................................3

Fed. R. Civ. P. 12(c)...........................................................................................2-3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

YELTSIN BELTRAN,

                                  Plaintiff,       19 Civ. 4647 (NRB)(SN)

                 -against-

THE CITY OF NEW YORK, DETECTIVE O'LEARY,
SHIELD NO. _____, DETECTIVE BRIAN SHEA,
SHIELD NO. _____, INDIVIDUALLY AND IN
THEIR OFFICIAL CAPACITIES AS NEW YORK CITY
POLICE OFFICERS,

                                  Defendants.

------------------------------------------------------------------------ x


**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS
THE COMPLAINT PURSUANT TO FED.
R. CIV. P. 12 (C)**


### PRELIMINARY STATEMENT

        Plaintiff Yeltsin Beltran ("Plaintiff") brings this action pursuant to 42 U.S.C. §

1983 ("§ 1983") against Defendants, The City of New York (hereinafter "City"), "Detective

O'Leary, Shield No. _____," and "Detective Brian Shea, Shield No. _____," alleging

constitutional violations stemming from an alleged false arrest and malicious prosecution.  In the

course of this action, Plaintiff's causes of action have been reduced to a claim for municipal

liability pursuant to Monell v. New York City Dept, of Soc. Servs., 436 U.S. 658 (1978) against

the City as the sole remaining defendant.[1]  As the remaining Monell claim is insufficiently pled,

---

[1] The claims against individually named defendants Detectives O'Leary and Brian Shea were dismissed by this
Court on August 20, 2019.

Defendant City, submits this Memorandum of Law in support of its motion to dismiss the <u>Monell</u> claim pursuant to Federal Rule of Civil Procedure 12(c).  Because any attempt to amend the pleadings given the substantive issues with the Plaintiff's claims would be futile, this Court should not allow any amendment and should dismiss this lawsuit in its entirety.  The City additionally requests that this Court stay discovery while the instant motion is pending.

## STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff commenced this action by filing the Complaint on May 20, 2019, naming the City, "Detective O'Leary" and "Detective Brian Shea" as defendants.  (<u>See</u> Exhibit A to the Declaration of James Jimenez in Support of Defendant City's Motion to Dismiss ("Jimenez Decl.").)  Plaintiff's Complaint alleges a claim of municipal liability pursuant to <u>Monell</u> against the City, and claims of malicious prosecution and "42 U.S.C. § 1983 Federal Civil Rights Violations" against the individual defendants. (Jimenez Decl, Ex. A.).  The claims against the individual defendants were dismissed on August 20, 2019, for Plaintiff's failure to comply with Fed. R. Civ. P. 4(m).  (<u>See ECF Docket No. 15.</u>)

In the Complaint, Plaintiff alleges that on October 11, 2013, he was falsely arrested in connection with a fatal shooting that took place on September 25, 2013.  (<u>Id. at ¶¶ 15-17.</u>) Plaintiff claims that while he was in the vicinity of the shooting on the date in question that he had no involvement in it whatsoever.  (<u>Id. at ¶¶ 14, 17.</u>)  Plaintiff alleges that he was falsely identified as the perpetrator by an eyewitness who was coerced and intimidated into identifying Plaintiff as the perpetrator in both photo array and line-up identifications.  (<u>Id. at ¶¶ 17-25.</u>) Plaintiff further alleges that he was maliciously prosecuted as a result of witness coercion and/or intimidation as well. (<u>Id.</u>)  Plaintiff was incarcerated until May 23, 2016, when the prosecution filed a recommendation for dismissal based upon the eyewitness's lack of recollection regarding

the photo identification and the People's lack of an independent source to identify the Plaintiff at trial. (Id. at ¶¶ 27-29.)

Plaintiff's claim for municipal liability alleges that several "customs, practices, procedures and rules of the City and NYPD" caused the constitutional violations claimed by the Plaintiff, consisting of falsely arresting individuals and committing perjury to meet "productivity goals," failing to supervise officers and encouraging misconduct, discouraging reporting of misconduct by officers, retaliating against officers who report misconduct, and failure to intervene to prevent the previously-listed practices. (See Jimenez Decl., Ex. A , ¶ 32.)

## STANDARD OF REVIEW

A motion to dismiss, whether brought pursuant to Rule 12(b) or 12(c), should be granted where a complaint pleads insufficient facts to state a claim that is plausible on its face.  See Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The factual allegations of the complaint must be more than speculative, and must show the grounds upon which a plaintiff is entitled to relief beyond "labels and conclusions, and a formulaic recitation of a cause of action's elements."  Twombly, 550 U.S. at 555.  Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Iqbal, 556 U.S. at 678.  Further, Fed. R. Civ. P. 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Id. at 678-679 (citing Fed. R. Civ. P. 8).

In deciding a motion to dismiss, a Court should consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken."  Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993).  Here, relying solely on the allegations contained in the Complaint, documents

incorporated by reference, and those matters for which the Court may take judicial notice, Plaintiff's Monell claim for municipal liability should be dismissed with prejudice.

**ARGUMENT**

**POINT I**

In order to hold a municipality liable as a "person" within the meaning of 42 U.S.C. § 1983, a plaintiff must establish that the municipality itself was somehow at fault. Oklahoma City v. Tuttle, 471 U.S. 808, 810, 105 S. Ct. 2427, 2429 (1985); Monell v. Department of Social Services, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 2036 (1978). "'[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right.'" Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007)) (quoting Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983)). At the very least, the Complaint fails to satisfy the first two prongs identified by the Second Circuit in Wray.

**A.   Plaintiff Fails to Allege a Municipal Policy.**

**1.   The Complaint Contains No Facts Establishing a Municipal Policy.**

A plaintiff can allege a municipal policy or custom one of four ways: (1) identify a formal policy, officially promulgated or adopted by a municipality, Monell, 436 U.S. at 690; (2) that an official or officials responsible for establishing final policy with respect to the subject matter in question took action or made a specific decision that caused the alleged violation of plaintiff's constitutional rights, Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986) (plurality opinion); (3) the existence of an unlawful practice by subordinate officials so permanent and well settled to constitute "custom or usage," and proof that this practice was so

- 4 -

manifest or widespread as to imply the constructive acquiescence of policymaking officials, City of St. Louis v. Praprotnik, 485 U.S. 112, 127-30 (1985) (plurality opinion); Sorlucco v. New York City Police Department, 971 F.2d 864, 871 (2d Cir. 1992); or, if liability is based on a claim of failure to train or supervise, that (4) the failure to train or discipline "amounts to deliberate indifference to the rights of those with whom municipal employees will come in contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989); Walker v. City of New York, 974 F.2d 293, 297-98 (2d Cir. 1992).  If plaintiff is unable to establish one of the above, municipal liability will not attach.

At the pleading stage, the Second Circuit has held that "the mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference."  Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993) overruled on other grounds, Leatherman v. Tarrant County Narcotics & Coordination Unit, 507 U.S. 163 (1993); see also Costello v. City of Burlington, 632 F.3d 41, 49 (2d Cir. 2011) (affirming dismissal of Monell claim since "the complaint does not allege facts sufficient to show that the 'the violation of his constitutional rights resulted from a municipal custom or policy.'"); Cuevas v. City of New York, 07 Civ. 4169 (LAP) 2009 U.S. Dist. LEXIS 114984, at *10-12 (S.D.N.Y. Dec. 7, 2009) (boilerplate allegations against City "heavy on descriptive language," but "light on facts" does not satisfy the pleading requirements set forth in Iqbal).

The Complaint does not allege any theories of municipal liability based either on formal policies or specific decisions made by policymakers.   (See Jimenez Decl., Ex. A, ¶¶ 30-46.) There are no allegations whatsoever that the alleged policies at issue were officially adopted, nor allegations that a policymaker took specific actions that caused the alleged violation of Plaintiff's

Constitutional rights. Furthermore, while the Complaint contains boilerplate allegations of various unlawful practices that Plaintiff contends are so well settled as to be considered "custom or usage," there are no factual allegations tending to show that the specific alleged practices at issue here, coercing and intimidating witnesses to give false statements, is so widespread as to imply the constructive acquiescence of policymakers. (Id.); see Sorlucco, 971 F.2d at 871 ("[B]efore the actions of subordinate city employees can give rise to § 1983 liability, their discriminatory practice must be so manifest as to imply the constructive acquiescence of senior policy-making officials.")  In fact, at best, the Complaint simply alleges wrongdoing by law enforcement officers below the policymaking level – which cannot suffice to establish Monell liability. (See Jimenez Decl., Ex. A, ¶¶ 25-26, 29, 31, 40.)

Finally, Plaintiff's remaining boilerplate theories of municipal liability ranging from "arresting persons known to be innocent in order to meet 'productivity goals'," to "failing to supervise, train, instruct and discipline police officers thereby encouraging their misconduct" are also conclusory, insufficient to satisfy the pleading standards of Fed. R. Civ. P. 8, and implicate actors below the policymaking level.

**2.     Plaintiff's "Deliberate Indifference" Theory is Inapposite.**

Plaintiff also cannot proceed on a deliberate indifference theory.  In Walker, the Second Circuit delineated three requirements that a plaintiff must establish before a municipality's failure to train or supervise constitutes deliberate indifference to the rights of citizens.  974 F.2d at 297.  First, a plaintiff must show that a policymaker knows "to a moral certainty" that its employees will confront a given situation.  Id.  Second, a plaintiff must demonstrate that the "situation either present[ed] the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the

situation."  Id.; Jenkins v. City of New York, 478 F.3d 76, 94 (2d. Cir. 2007) (quoting Walker v. City of New York, 974 F.2d 293, 297 (2d Cir. 1992)).  "Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights."  Connick v. Thompson, 131 S. Ct. 1350, 1360 (2011); see also Dingle v. City of New York, 728 F. Supp. 2d 332, 353 (S.D.N.Y. 2010) (dismissing claim of deliberate indifference where plaintiff failed to allege a "difficult choice" or "situation" that training or supervision would have made less difficult). Last, plaintiff must demonstrate that the wrong choice by the employee will frequently cause the deprivation of a citizen's constitutional rights.  Id. (internal citation omitted).  Accordingly, a plaintiff must first satisfy this three-part test to demonstrate a municipality's alleged failure to supervise amounted to "deliberate indifference."  See Doe, 2013 U.S. Dist. LEXIS 30010, at *11; Connick, 131 S.Ct. at 1360 ("Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action.") (citing Bd. Of the Cnty. Comm'rs v. Brown, 520 U.S. 397, 410 (1997)); Canton, 489 U.S. at 392 ("[P]ermitting cases against cities for their "failure to train" employees to go forward under § 1983 on a lesser standard of fault would result in de facto respondeat superior liability on municipalities -- a result we rejected in Monell. It would also engage the federal courts in an endless exercise of second-guessing municipal employee-training programs.")(citations omitted).

In the instant case, Plaintiff alleges that the NYPD officers involved in the criminal investigation knowingly coerced potential eyewitnesses to falsely identify the Plaintiff as the perpetrator of a murder, and proceeded to use the false identifications as grounds for the Plaintiff's arrest and prosecution.  (See Jimenez Decl., Ex. A , ¶¶ 15-29.)  At the very least, Plaintiff's allegations do not, and cannot, meet the second Walker prong. It cannot be genuinely

alleged that the choice as to whether to coerce a witness to falsely identify an individual as having committed murder is a "difficult choice of the sort that training or supervision will make less difficult" – indeed, the Complaint does not even make such an allegation. Walker, 974 F.2d at 297.  This is simply not the type of situation that presents an employee with a simple choice that training would remedy.  Cf. Doe, 2013 U.S. Dist. LEXIS 30010, at *14-15 (Monell claim predicated on failure to train or supervise officer who alleged raped intoxicated woman while on duty dismissed since "Plaintiff has not plausibly alleged that either [the officer's] decision to rape her or [the officer's partner's] decision to aid and abet that rape was a 'difficult choice of the sort that training or supervision will make less difficult.'  It goes without saying that a police officer is prohibited from sexually assaulting an intoxicated woman when responding to a 911 call.")(citations omitted); Tchatat v. O'Hara, 2017 U.S. Dist. LEXIS 116487 (S.D.N.Y. July 25, 2017) (holding that vague allegations regarding history of officers conspiring to frame individuals failed to sufficiently allege deliberate indifference). As such, Plaintiff has not plausibly alleged that the City was on notice of a need to train its police officers how to refrain from threatening witnesses to falsely implicate suspects as perpetrators.  Moreover, Plaintiff has not specifically identified any deficiencies in the City's training in this respect.

### B.   Plaintiff Fails to Allege that Any Municipal Policy Caused Him Harm.

In addition to pleading sufficient facts to plausibly allege the existence of a municipal policy or practice, plaintiffs must also plead facts that would plausibly allege a "direct casual link between municipal policy or custom and the alleged deprivations." City of Canton, 489 U.S. at 385.  To do so, "the plaintiff must establish a causal connection – an 'affirmative link' – between the policy and deprivation of his constitutional rights." Vippolis v. Village of Haverstraw, 768 F.2d 40, 44 (2d Cir. 1985), cert. denied, 480 U.S. 916 (1987) (citing and quoting Tuttle, 471 U.S.

at 823-24); <u>Franzese v. City of New York</u>, 2018 U.S. Dist. LEXIS 193607, 10-11 (S.D.N.Y.

November 13, 2018) ("Even construing his amended complaint generously, Plaintiff pleads no

facts from which the Court could infer that his alleged deprivation of a constitutional right

occurred pursuant to a city custom or policy.")Thus, plaintiff must plead facts that plausibly

allege that the municipality made a deliberate choice, implemented through this "policy" or

"custom" that acted as "the moving force [behind] the constitutional violation."   <u>Dwares</u>, 985

F.2d at 100.  Hence, <u>Monell</u> liability will not attach unless the relevant policy or custom was also

the basis of plaintiffs' constitutional deprivation

The Complaint alleges that the policies and customs at issue in the instant matter include

"but are not limited to" the following:

> 1" [sic] arresting persons known to be innocent in order to meet
> "productivity goals"; 2) falsely searing [sic] out criminal
> complaints and/or lying and committing perjury during sworn
> testimony to protect other officers and meet productivity goals; 3)
> failing to supervise, train, instruct, and discipline police officers
> thereby encouraging their misconduct and exhibiting deliberate
> indifference toward to [sic] constitutional rights of persons within
> the officers' jurisdiction; 4) discouraging police officers from
> reporting the corrupt or unlawful acts of other officers: 5)
> retaliating against officers who report police misconduct; and 6)
> failing to intervene to prevent the above-mentioned practices when
> they reasonably could have prevented with proper supervision.

(<u>See</u> Jimenez Decl., Ex. A , ¶ 32.) However, the policies alleged by the Plaintiff herein are

clearly not applicable to the deprivation of constitutional rights as alleged.

The policies and customs alleged as falsely arresting individuals and swearing false

complaints in order to meet "productivity goals" are first, extremely general allegations that

might apply to any claims of false arrest and malicious prosecution, and second, fail to address

the Plaintiff's specific claims that NYPD officers coerced and intimidated witnesses to induce

false testimony. The alleged policy and custom of failure to supervise is, as discussed

previously,[2] insufficient to demonstrate the existence of any policy or custom through deliberate indifference, and furthermore only generally claims that the failure to supervise encouraged non-specific "misconduct" and fails to make any factual allegation linking this alleged policy to the practice of witness coercion. Plaintiff's allegations of policies and customs of discouraging officers from reporting misconduct and further retaliation against officers who do report misconduct are clearly irrelevant to the instant matter, as there are no allegations that any of the NYPD officers involved in Plaintiff's arrest or prosecution were either discouraged from reporting any unlawful act or faced retaliation for any attempt to report misconduct. Finally, the alleged policy of failing to intervene to prevent all of the other listed policies, aside from being at least partially duplicative of the claimed policy of failure to supervise, is inapplicable. As it is alleged that the named defendants were personally involved in the coercion of witnesses and making of false statements, they cannot be liable both for the alleged constitutional violations and for failing to intervene. See Lanorith v. Truscelli, 2017 U.S. Dist. LEXIS 134193 (E.D.N.Y. August 22, 2017) (holding that a failure to intervene claim cannot be ultimately sustained against a direct participant in the alleged primary violation).

As such, in addition to failing to demonstrate the existence of a municipal policy, Plaintiff has also failed to demonstrate that any of the municipal policies he has alleged were actually at fault for the claimed constitutional harms suffered.

### C.    The Court Should Not Grant Leave to Amend.

Assuming *arguendo* that Plaintiff may seek to avoid dismissal of his action through the amending of the Complaint, this Court should not grant such leave as any attempt to amend the pleadings would be futile. Leave "to amend a complaint need not be granted when amendment

---

[2] See Argument Section B.

would be futile." Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003), citing Foman v. Davis, 371 U.S. 178, 182 (1962); Jones v. New York State Div. of Military & Naval Affairs, 166 F.3d 45, 50 (2d Cir. 1999). "A determination that a proposed claim is futile is dictated by the same standards that govern a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Hosking v. New World Mortg., Inc., 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009) (citations omitted). Thus, a proposed amendment is futile if it would be subject to dismissal for failure to state a claim. Jones v. New York Div. of Military & Naval Affairs, 166 F.3d 45, 55 (2d Cir. 1999). When the problem with a plaintiff's cause of action is substantive, "better pleading will not cure it. Re-pleading thus would be futile. Such a futile request to re-plead should be denied." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

As discussed supra, the Plaintiff's claims in this matter are ripe for dismissal as a matter of law. As the problems in the Complaint are substantive, amendment of the pleadings would be futile, and thus leave to amend should not be granted.

**D.    The Court Should Stay Discovery While the Motion is Pending.**

As the instant motion to dismiss, if granted by this Court, would be fully dispositive, the City respectfully requests that all discovery be stayed pending the resolution of the instant motion. Staying discovery proceedings until a final decision is made on the City's motion to dismiss would be in the best interest of conserving judicial resources, preventing the parties and this Court from moving forward with costly discovery that may all be mooted by the granting of the City's motion. In determining whether to stay discovery during the pendency of a dispositive motion courts will consider three factors: "1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, 2) the breadth of discovery and the burden of responding to it, and 3) the risk of unfair prejudice to the party opposing the stay." Spinelli v.

NFL, 2015 U.S. Dist. LEXIS 155816, 4 (S.D.N.Y. November 17, 2015). With respect to the first factor, as set forth herein, the remaining Monell claim is insufficiently pled and unmeritorious given the factual allegations. As to the second factor, while upon information and belief Plaintiff has currently made no discovery demands outside of the Local Rule 83.10 Plan, if discovery were to continue in this matter the City would likely have to produce large amounts of Monell discovery or, given that the City has argued there is no actionable claim of municipal liability, resort to costly motion practice disputing what discovery is to be produced. Finally, the City submits that the Plaintiff would not be prejudiced by the requested stay, as he would be entitled to conduct discovery in the event that the Court denies the instant motion. "A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." Spencer Trask Software & Info. Servs. v. RPost Int'l, 206 F.R.D 367, 368 (S.D.N.Y. 2002). Therefore, the City respectfully requests that all discovery be stayed in this matter until the resolution of the instant motion to dismiss.

## CONCLUSION

Accordingly, for the reasons set forth above, Plaintiff's Monell claim, and thus his Complaint as it remains in its entirety, should be dismissed with prejudice with such other and further relief as this Court may deem just and proper. The City would further request that all discovery be stayed in this matter pending the resolution of the instant dispositive motion.

Dated:      New York, New York
            December 18, 2019

- 12 -

JAMES E. JOHNSON
Corporation Counsel of the
City of New York
*Attorney for Defendant City of New York*
100 Church Street, Room 3-194
New York, New York 10007
(212) 356-2670

By:    *James Jimenez*
     James Jimenez
     *Assistant Corporation Counsel*
     Special Federal Litigation Division

cc:    **BY ECF**
     Rudy Velez, Esq.
     *Attorney for Plaintiff*
     930 Grand Concourse, Suite 1A
     Bronx, NY 10451